AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
## Southern District of New York

Daniel Rodriguez

_____
*Plaintiff*

City of New York, New York City Police Department
Police Officer Miguel Sanchez of the 44th Precinct
and John Does "1"-"5", person employed by the
New York City Police Department.
*Defendant*

15 CV 00033

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

City of New York
C/O Corporation Counsel
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Ateshoglou & Aiello. PC
11 Park Place, Ste. 1715
New York, New York 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J KRAJICK

CLERK OF COURT

Date: JAN 0 6 2015

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Daniel Rodriguez

)
)
)
*Plaintiff* )
)
City of New York, New York City Police Department  Civil Action No.
Police Officer Miguel Sanchez of the 44th Precinct
and John Does "1"-"5", person employed by the
New York City Police Department.
*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

City of New York
C/O Corporation Counsel
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Ateshoglou & Aiello. PC
11 Park Place, Ste. 1715
New York, New York 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                      _____
                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL RODRIGUEZ,

                Plaintiff,

                         Civil Action:

  v.
                         VERIFIED COMPLAINT
CITY OF NEW YORK, NEW YORK CITY      Jury Trial Demanded
POLICE DEPARTMENT, POLICE OFFICER MIGUEL
SANCHEZ of the 44th PRECINCT and JOHN DOES "1"
through "5", persons employed by
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

------------------------------------------------------------------X



## INTRODUCTION

Daniel Rodriguez, of Bronx, New York hereby asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: arrest;
2. Violation of 42 U.S.C. 1983: detention and confinement;
3. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;
4. Violation of U.S. Constitution Amendment XIV;
5. False arrest and imprisonment;
6. Battery;
7. Intentional infliction of emotional distress;
8. Negligence;
9. Violation of New York Civil Rights Law §40-c.

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §'s 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §'s 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
3. This cause of action arose in the County of Bronx, City and State of New York which lies within the Southern District of New York.
4. Venue is based on 28 U.S.C. 1391(b).

## PARTIES

5. Plaintiff, Daniel Rodriguez (hereinafter the "Plaintiff"), is a natural person residing at 2331 Ellis Avenue, County of Bronx, City and State of New York; and was a resident of New York during all relevant times of this action.
6. Defendant City of New York (hereinafter "NYC") is a municipal corporation, organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.
7. Defendant New York City Police Department (hereinafter "NYPD") was and is an agency of NYC.
8. Upon information and belief, Defendant Police Officer Miguel Sanchez (hereinafter "SANCHEZ") was and is an employee of the NYPD.
9. Upon information and belief, defendants John Does "1" through "5" (John Does) were and are employees of the NYPD.
10. That at all relevant times to this complaint Defendants Sanchez and John Does acted toward Plaintiff under color of the statutes, rules and regulations of the State of New York, NYC, and NYPD.

## FACTS

11. On or about the January 11, 2012 at approximately 4:00 p.m. at or near 1100 Teller Avenue, Bronx, New York 10456, County of Bronx, City and State of New York, Defendants Sanchez and John Does arrested Plaintiff without probable cause.
12. During the course of Plaintiff's false arrest, Plaintiff was illegally searched by Defendants Sanchez and John Does. During the false arrest, Defendants made discriminatory and lewd comments about Plaintiff's sexual orientation. Specifically,

regarding to his homosexuality and referring to his activity with a friend in the shower, and latex gloves.

13. Plaintiff was wrongfully accused and imprisoned in New York, New York on charges of Criminal Trespass and other related charges for a period in excess of four (4) hours. Plaintiff was released on January 11, 2011. Plaintiff was caused to make several appearances in Court.

14. On or about May 5, 2012 all charges against Plaintiff were dismissed.

## COUNT I: VIOLATIONS OF 42 U.S.C. 1983: ARREST

15. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 14 above with the same force and effect as if herein set forth.

16. At all times relevant herein the conduct of Defendants was subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

17. The detention and arrest of Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by Defendants Sanchez and John Does with a deliberate indifference to Plaintiff's rights and privileges. The seizure and deprivation of his liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

18. Acting under the color of law, Defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a. By depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will;

    b. By making an unreasonable search and seizure of his property without due process of law;

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and

    d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

19. Defendants NYC and NYPD negligently hired, trained and supervised Defendants Sanchez and John Does.

20. As a proximate result of the false arrest and imprisonment of Plaintiff caused by the Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation, as well as further pecuniary damages and legal costs, all to Plaintiff's damage.

21. Wherefore, Plaintiff demands judgment for false arrest against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

22. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

24. Wherefore, Plaintiff demands judgment for false detention and confinement against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III: VIOLATIONS OF 42 U.S.C. 1983:
## REFUSING OR NEGLECTING TO PREVENT

25. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above with the same force and effect as if herein set forth.

26. At all times relevant to the complaint, Defendants Sanchez and John Does as police officers of the NYPD were acting under the direction and control of defendant NYC.

27. Acting under color of law and pursuant to official policy, Defendants Sanchez and John Does, NYPD and NYC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendant police officers in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

   c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York; and

   d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

28. Defendants Sanchez, John Does, NYC, and NYPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Sanchez, John Does, NYC, and NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

29. Defendants Sanchez, John Does, NYC, and NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

30. As a direct and proximate cause of the negligent, grossly negligent, reckless and intentional acts of Defendants Sanchez, John Does, NYC, and NYPD as set forth in paragraphs 1 through 29 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fifth and Fourteenth Amendments of the constitution of the United States and protected by 42 U.S.C. 1983.

31. Wherefore, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV: U.S. CONSTITUTION AMENDMENT XIV
Denial of Equal Protection on the basis of sex and sexual orientation

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as in herein set forth.

33. The acts and omissions of Defendants Sanchez and John Does described above, violated Plaintiff's clearly established rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

34. As a proximate result of the denial of Equal Protection on the basis of sex and sexual orientation caused by Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation and further pecuniary damages and legal costs.

35. Wherefore, Plaintiff demands judgment for the Denial of Equal Protection on the basis of sex and sexual orientation against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V: COMMON LAW FALSE ARREST AND IMPRISONMENT

36. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. At all times relevant herein, Defendants acted with the intention of confining Plaintiff within fixed boundaries, directly resulting in the confinement of Plaintiff of which the Plaintiff was aware and did not consent.

38. As a proximate result of the false arrest and imprisonment caused by Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation and further pecuniary damages and legal costs.

39. Wherefore, Plaintiff demands judgment for false arrest against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI: COMMON LAW BATTERY

40. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if set forth herein.

41. Without the consent of Plaintiff, Defendants Sanchez and John Does intentionally, harmfully, and offensively touched Plaintiff.

42. As a proximate result of the common law battery caused by Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation and further pecuniary damages and legal costs.

43. Wherefore, Plaintiff demands judgment for common law battery against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII: COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if set forth herein.

45. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

46. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants intended to cause emotional distress in Plaintiff and did cause such severe emotional distress.

47. Wherefore, Plaintiff demands judgment for intentional infliction of emotional distress against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VIII: COMMON LAW NEGLIGENCE

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. Defendants, Sanchez, John Does, NYC and NYPD, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

50. Wherefore, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IX: NEW YORK C IVIL RIGHTS LAW §40-C

Discrimination on the Basis of Sex and Sexual Orientation

51. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraph 1 through 50 above with the same force and effect as in herein set forth.

52. The acts and omissions of Defendants Sanchez and John Does described above, subjected Plaintiff to discrimination on the basis of sex and sexual orientation in violation of New York Civil Rights Law §40-c.

53. As a proximate result of the discrimination on the basis of sex and sexual orientation caused by Defendants, Plaintiff was caused to suffer great pain and mental anguish, and

was greatly humiliated and injured in his reputation and further pecuniary damages and legal costs.

54. Wherefore, Plaintiff demands judgment for discrimination on the basis of sex and sexual orientation against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## TRIAL BY JURY

55. Plaintiff hereby demands trial by jury.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendants as follows:

1) On the First Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

2) On the Second Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

3) On the Third Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

4) On the Fourth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00)

DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

5) On the Fifth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

6) On the Sixth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

7) On the Seventh Cause of Action against defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

8) On the Eighth Cause of Action against defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

9) On the Ninth Cause of Action against defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

10) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 11, 2014

_____
Michael A. Delakas, Esq. (MD7632)
ATESHOGLOU & AIELLO, P.C.
As Trial Counsel For
THE LAW OFFICE OF JOHN R. KELLY
Attorneys for Plaintiff
DANIEL RODRIGUEZ
11 Park Place, Suite 1715
New York, New York 10007
(212) 545-1740

## ATTORNEYS VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, affirms and verifies the following:

That I am an associate of Ateshoglou & Aiello PC the attorney of record for the Plaintiff.

I have read the foregoing **VERIFIED COMPLAINT**, and know the contents thereof, and that all allegations contained therein are true as to my own knowledge except as to those allegations stated to be upon information and belief, and as to those allegations, I believe them to be true.

As to those allegations stated to be upon information and belief, the basis of my belief as to their truth is a review of the files maintained in my office in connection with this case and an investigation and reports contained in said files.

The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where this firm maintains its offices.

Dated: New York, New York
       December 19, 2014

_____
Michael A. Delakas, Esq.